**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-20-330 |
| MARK ANTHONY WILLIAMS, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

Before this Court is Petitioner Mark Anthony Williams's pro se Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582. (ECF No. 141). On September 23, 2021, this Court sentenced Mr. Williams to eighty-four months' imprisonment, with credit for time already served, after he pleaded guilty to one count each of: (1) conspiracy to distribute and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; and (2) one count of possession with intent to distribute cocaine, with aiding and abetting as to the same, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. (ECF No. 99.)

On March 4, 2023, Mr. Williams filed the pending Motion to Reduce Sentence (ECF No. 141). While that Motion was still pending, Petitioner was released. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (search by register number 17391-509). Mr. Williams has not been in the custody of the Bureau of Prisons since September 4, 2025. *Id.* Accordingly, the Court can no longer grant his requested relief of a reduction of sentence to within a range of sixty to seventy-one months.

"'Simply stated, a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Incumaa v. Ozmint*, 507 F.3d 281, 286

1

(4th Cir. 2007) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The United States Court of Appeals for the Fourth Circuit has determined that requests for compassionate release under 18 U.S.C. § 3582 are rendered moot when an inmate is released. *See United States v. Banks-Davis*, No. 21-6550, 2021 WL 4936206, at *1 (4th Cir. Oct. 22, 2021) (citing *United States v. Chestnut*, 989 F.3d 222, 224–25 (2d Cir. 2021)); *see also United States v. Jackson*, No. 22-7140, 2023 WL 4758733, at *1 (4th Cir. July 26, 2023) ("Because Jackson has already served his term of imprisonment, there is no longer a live controversy regarding the orders denying his motions for compassionate release and for reconsideration."). "When a case is moot, 'the court's subject matter jurisdiction ceases to exist.'" *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 749 (4th Cir. 2018) (quoting *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015)).

As Mr. Williams has served his sentence, his Motion (ECF No. 141) is moot and the Court now lacks subject matter jurisdiction over this matter. As such, Petitioner's pro se Motion to Reduce Sentence is DENIED AS MOOT. It is SO ORDERED this 26th day of March 2026.

/s/
Richard D. Bennett
United States Senior District Judge